# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2749 | **DATE** | 4/16/2013 |
| **CASE TITLE** | C. Demetrius Hicks, Sr. (B-61670) vs Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The trust fund officer at his place of confinement is authorized to deduct $9.65 from Plaintiff's trust fund account and continue making deductions in accordance with this order. The clerk shall: mail a copy of this order to the trust fund officer at Western Illinois Correctional Center, issue summons for service of the complaint on Defendant Cook County Jail Program Director John Mueller, and send Plaintiff a Magistrate Judge Consent Form and instructions for filing documents in this Court. The United States Marshals Service is appointed to serve this Defendant John Mueller. Tom Dart is dismissed as a Defendant.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff C. Demetrius Hicks, currently an inmate at Western Illinois Correctional Center, has filed a 42 U.S.C. § 1983 complaint against Cook County Jail Program Director John Mueller and Sheriff Tom Dart. Plaintiff asserts that he had to forego lunches on days he had court appearances because the lunches did not satisfy the dietary restrictions of his Muslim faith. Allegedly, he went without a lunch for 17 consecutive days. Additionally, despite requests he forwarded to Mueller in July and August 2011, no accommodations were made to provide him with meals before sunrise and after sunset during the month of Ramadan in 2011. With respect to Tom Dart, Plaintiff asserts that jail rules about not keeping food from meal trays in cells made it more difficult to observe fasting during Ramadan.

Plaintiff's motion to file his complaint *in forma pauperis* ("IFP") is granted. The Court assesses an initial partial filing fee of $9.65. The trust fund officer at Plaintiff's place of confinement is authorized to deduct this amount from Plaintiff's account and forward it to this Court. Thereafter, the trust fund officer at plaintiff's place of confinement is directed to make deductions from Plaintiff's trust account as follows. The trust fund officer shall collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Collected monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Western Illinois Correctional Center authorities shall notify transferee authorities of any outstanding balance in the event he is transferred.

The Court has reviewed the complaint in accordance with 28 U.S.C. § 1915A. Plaintiff states colorable claims against John Mueller with respect to the claims that Mueller refused to accommodate Plaintiff's observance of Ramadan by serving meals before sunrise and after sunset. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *see also Warren v. Peterson*, No. 08 C 2518, 2008 WL 4411566 at *4 (N.D. Ill. Sept. 25, 2008)

| STATEMENT |
|---|

(Hart, J.) (addressing a prison's need to accommodate Muslim inmates during Ramadan). The claims about missing lunches on days Plaintiff had court appearances, however, are dismissed. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (missing several meals does not indicate a serious condition to support a claim of deliberate indifference), citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (even two meals per day on a "regular, permanent basis" may satisfy Eighth Amendment if nutritionally adequate). Plaintiff's short-term deprivation of lunches on days he was in court, even for 17 consecutive days, does not state a claim of an unconstitutional condition of his confinement.

The allegations against Tom Dart are dismissed. Plaintiff asserts that his communications about his need for accommodation during Ramadan was with Mueller, not Dart. The only allegation against Dart is that a jail rule about not keeping food from meal trays in cells made it more difficult for Plaintiff to fast during Ramadan. This allegation indicates no policy that substantially burdened Plaintiff's ability to observe Ramadan to support a claim under the Religious Land and Use and Institutionalized Persons Act ("RLUIPA"). *Civil Liberties for Urban Believers v. City of Chicago*, 341 F.3d 752, 761 (7th Cir. 2003); *Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir.2009) (to establish a RLUIPA claim, the policy must substantially burden an inmate's ability to practice a religion, i.e., it must be "one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise ... effectively impracticable"); *see also* Compl. at 4 (Plaintiff states that a case worker informed Plaintiff that he could keep in his cell food purchased from commissary during Ramadan). Nor does his allegation against Dart support a First Amendment claim. *Lukumi Bablu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993) (a jail may implement neutral policies so long as they are not designed to interfere with religious practice).

Accordingly, Plaintiff may proceed with his claim that Mueller refused to accommodate Plaintiff's religious dietary needs during Ramadan in 2011. His other claims and Tom Dart are dismissed.

The clerk shall issue summons for service of the complaint on Cook County Jail Program Director John Mueller. The United States Marshals Service is appointed to serve this Defendant. If the Marshal needs Plaintiff to fill out any service forms, the Marshal shall send Plaintiff said forms. Plaintiff's failure to return those forms may result in the dismissal of any unserved Defendant. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former employee no longer at the work address provided by Plaintiff, Cook County Jail officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to Defendant, or to his counsel if an attorney enters an appearance on his behalf. Every document filed with this Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.