# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2749 | **DATE** | 5/13/2013 |
| **CASE TITLE** | C. Demetrius Hicks, Sr. (B-61670) vs Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for reconsideration of the Court's dismissal of Sheriff Tom Dart as a Defendant [#5] is construed as a motion to alter or amend the Court's 4/16/13 order. Plaintiff's motion is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On April 16, 2013, the Court conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and determined that it could proceed against Cook County Jail Program Director John Mueller but not Sheriff Tom Dart. Plaintiff alleged that Mueller refused to accommodate Plaintiff's Muslim dietary needs during both the days Plaintiff was in court and the month of Ramadan in 2011. According to Plaintiff, he informed Mueller of his dietary needs and restrictions, but Mueller allegedly ignored or refused to accommodate Plaintiff. As to Dart, Plaintiff alleged that the jail's policy not allowing inmates to keeps food from their meal trays in their cells interfered with Plaintiff's need to fast during the daytime hours of Ramadan.

This Court determined that Plaintiff's allegations sufficiently stated Religious Land Use and Institutionalized Persons Act ("RLUIPA") and First Amendment claims against Mueller, but not against Dart. The Court noted that Plaintiff alleged no personal knowledge nor involvement by Dart and that the policy being challenged was a neutral one neither directed toward nor substantially affecting Plaintiff's religious practices. Plaintiff contends in his current motion that he was indigent during his stay at Cook County Jail, could not afford to purchase food from the commissary to keep in his cell, and was limited to the food from meal trays during the month of Ramadan. While the Court noted in its 4/16/13 order that Plaintiff was allowed to keep food purchased from the jail commissary (his trust account statement from his current place of confinement shows a beginning balance of $454.00 and several hundred dollars of commissary purchases), even if Plaintiff was indigent during his confinement at Cook County Jail, his motion to alter or amend the order dismissing Dart as a Defendant must be denied.

Plaintiff's motion, which was filed within 28 days of the Court's 4/16/13 order, falls under Fed. R. Civ. P. 59(e). *Justice v. Town of Cicero*, *Ill.*, 682 F.3d 662, 663 (7th Cir. 2012). Rule 59(e) allows a court to alter or amend a judgment only if the plaintiff can demonstrate a manifest error of law or fact or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

The policy for which Dart was named as Defendant – no food from meal trays could be kept in cells – is clearly a neutral one, which thus supports no First Amendment violation, even if Plaintiff could not afford to purchase food from commissary. *Lukumi Bablu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993) (a jail may implement neutral policies so long as they are not designed to interfere with religious practice). Nor does such a policy, itself, substantially burden a religious practice to support an RLUIPA claim. *See Civil Liberties for Urban Believers v. City of Chicago*, 341 F.3d 752, 761 (7th Cir. 2003); *Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir.2009) (for RLUIPA purposes, the policy must substantially burden an inmate's ability to practice a religion, i.e., it must

| STATEMENT |
|---|
| be "one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise ... effectively impracticable"). As noted in the Court's prior order, Plaintiff's claims about his religious dietary needs at Cook County Jail center on his communication of such needs to Mueller and Mueller's refusal to accommodate, not a religious-neutral policy prohibiting inmates from keeping meal tray food in cells. Plaintiff has not shown a manifest error of law or newly discovered evidence to warrant altering the 4/16/13 order. His motion is thus denied. |